**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSEPH DIGENOVA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO. 19-02122 |
| UNITE HERE LOCAL 274, et al. | : | |
| | : | |
| Defendants. | : | |

**MOTION OF DEFENDANT SONESTA INTERNATIONAL HOTELS CORPORATION
TO DISMISS THE COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Sonesta

International Hotels Corporation (incorrectly identified in the caption as "Sonesta Hotel" and

hereafter "Sonesta") hereby move to dismiss all claims asserted in Plaintiff's Complaint against

Sonesta, for the reasons set forth in detail in the accompanying memorandum of law.

WHEREFORE, Sonesta respectfully requests that this Court grant its Motion to Dismiss

the Complaint and dismiss Plaintiff's Complaint, in its entirety as to Sonesta.

Respectfully submitted,

COZEN O'CONNOR

Date:   May 22, 2019

/s/ Kelly T. Kindig
Daniel V. Johns (PA 76203)
Kelly T. Kindig (PA 203278)
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
215-665-4722

*Attorneys for Defendant Sonesta International
Hotels Corporation*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSEPH DIGENOVA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO. 19-02122 |
| UNITE HERE LOCAL 274 | : | |
| | : | |
| and | : | |
| | : | |
| SONESTA HOTEL, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
DEFENDANT SONESTA INTERNATIONAL HOTELS CORPORATION
TO DISMISS THE COMPLAINT**

Defendant Sonesta International Hotels Corporation (incorrectly identified in the caption as "Sonesta Hotel" and hereafter "Sonesta") hereby submits this memorandum of law in support of its Motion to Dismiss the Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.    INTRODUCTION

The Complaint of Plaintiff Joseph DiGenova, a member of Defendant UNITE HERE Local 274 ("Local 274" or "the Union") who was occasionally assigned to perform banquet serving work at one of Sonesta's hotels in Philadelphia, consists of a collection of 100 pages of pleadings, forms, handwritten notes, and correspondence, none of which clearly sets forth any cognizable claim against Sonesta.  As a result, the Complaint should be dismissed for failing to meet the pleading standards of the Federal Rules of Civil Procedure, both of which require that a plaintiff clearly set forth his claims and the factual allegations supporting them.

To the extent that any claims can be discerned from the collection of documents that comprise the Complaint, it appears that Plaintiff may be attempting to assert that the Union retaliated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Philadelphia Fair Practices Ordinance, Phila. Code ch. 9-1100 ("FPO"), by not assigning him to work at some hotels, including one of Sonesta's hotels, because he previously filed a charge of discrimination against the Union.  Plaintiff also appears to claim that the Union's failure to assign him to such work, and to process a grievance regarding the Union's failure to do so, breached the collective bargaining agreement between Sonesta and the Union and violated the Union's duty of fair representation owed him.  Neither of these claims is against Sonesta.

Any related or derivative claims that Plaintiff may be attempting to assert against Sonesta fail as a matter of law, however, and Plaintiff's Complaint should be dismissed with prejudice as to all claims against Sonesta.  Specifically, Plaintiff's Title VII and FPO claims fail because he never filed a charge of discrimination with any federal or state agency against Sonesta and therefore did not exhaust his administrative remedies as to Sonesta.  Plaintiff's Title VII claim fails for the additional reason that he did not file his complaint within 90 days of receiving a right-to-sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC").  Finally, Plaintiff's claim for breach of the fair duty of representation and/or breach of the collective bargaining agreement fails because it, too, is time-barred, as it arises under the Labor Management Relations Act, 29 U.S.C. § 185(a) ("LMRA"), which applies a six-month statute of limitations.  Accordingly, the Complaint should be dismissed with prejudice as to Sonesta.

## II.    <u>FACTUAL BACKGROUND</u>[1]

Sonesta operates a hotel located at 1800 Market Street in Philadelphia, known as the

Sonesta Philadelphia Rittenhouse Square (the "Sonesta Hotel").  (Compl., attached as Exhibit A,

at 3, 26).[2]  The Union represents certain employees at the Sonesta Hotel, including banquet

servers and other hospitality employees, pursuant to a collective bargaining agreement between

the Union and Sonesta.  (Compl., Ex. A, at 49).  The Union also represents banquet servers and

hospitality employees at other hotels and venues in Philadelphia.  (Compl., Ex. A, at 25-26).  At

certain times, Sonesta requires extra banquet servers, in addition to its regular staff.  (Compl.,

Ex. A, at 25-26).  In those circumstances, Sonesta notifies the Union, which then provides

additional banquet servers through its hiring hall process, a process governed by the collective

bargaining agreement.  (Compl., Ex. A, at 25-26).  The collective bargaining agreement permits

Sonesta to request that a particular extra banquet server not be assigned to its facility.  (Compl.,

Ex. A, at 26).

Plaintiff is a banquet server who obtains employment through the Union's hiring hall.

(Compl., Ex. A, at 2-3).  Plaintiff has performed work at the Sonesta Hotel in Philadelphia as a

banquet server through the Union, but has not worked there since 2015.  (Compl., Ex. A, at 3).

In or around 2016, Sonesta exercised its rights under the collective bargaining agreement to

request that Plaintiff not be assigned to its events, based on the fact that Plaintiff did not meet

Sonesta's work standards applicable to all banquet servers, and notified the Union of its request.

(Compl., Ex. A, at 28).

---

[1]    For purposes of this Motion to Dismiss only, the facts derived from Plaintiff's Complaint
are assumed to be true.

[2]    Sonesta has consecutively paginated the Complaint attached as Exhibit A for ease of
reference in this Motion.  All page number references cited in this Motion are to the
consecutive pagination.

On or about March 15, 2016, Plaintiff filed a charge of discrimination with the Philadelphia Commission on Human Relations ("PCHR").  (Compl., Ex. A, at 2-4).  In or around December 2017, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").  (Compl., Ex. A, at 36).  Only the Union was named as a charged party in the PCHR complaint and EEOC charge.  (Compl., Ex. A, at 2-4, 36).  Plaintiff did not name Sonesta as a respondent in either the PCHR complaint or the EEOC charge.[3]  (Id.). In the PCHR complaint, Plaintiff alleged that the Union retaliated against him by failing to assign him work, because he filed a charge of discrimination against the Union in 2014. (Compl., Ex. A, at 2-4, 11).  The PCHR issued a dismissal notice on February 28, 2017. (Praecipe for Writ of Summons, attached as Exhibit B).  The EEOC issued a dismissal and notice of rights on March 3, 2017.[4]  (EEOC Dismissal and Notice of Rights, attached as Exhibit C).[5]

On February 26, 2019, Plaintiff filed a praecipe for writ of summons in the Court of Common Pleas for Philadelphia County, against Sonesta and the Union.  (Praecipe for Writ of Summons, Ex. B).  On March 18, 2019, Plaintiff filed a Complaint against Sonesta and the Union, consisting of 100 pages of PCHR and EEOC pleadings and forms, correspondence, and

---

[3]    It appears that Plaintiff handwrote "Sonesta Hotels" on the caption of the PCHR complaint that he included in the Complaint filed in the Court of Common Pleas. (Compl., Ex. A, at 2).  However, it is clear that he did so for purposes of filing his Court of Common Pleas complaint, as the allegations of the PCHR complaint make clear that he was asserting claims only against the Union at that time.

[4]    On May 17, 2017, Plaintiff also filed a complaint in the Court of Common Pleas for Philadelphia County, against Sonesta and the Union.  The Court of Common Pleas *sua sponte* dismissed that complaint on the grounds that it was frivolous and that it did not state a claim upon which relief could be granted, pursuant to Pennsylvania Rule of Civil Procedure 240(j)(1).  (See Order, attached as Exhibit D).

[5]    Although Plaintiff did not include the EEOC dismissal and notice of rights in his Complaint filed with the Court of Common Pleas, this Court may consider it in connection with this motion to dismiss because it is integral to Plaintiff's claims and to a determination of this Court's jurisdiction over his claims.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1987).

handwritten notes.  (Compl., Ex. A).  While it is not entirely clear what Plaintiff's claims are, he appears to be attempting to assert a claim for retaliation against Sonesta and the Union under Title VII and the Philadelphia Fair Practices Ordinance, and a claim for breach of the fair duty of representation against the Union and breach of contract against Sonesta.  (Compl., Ex. A).

## III.   ARGUMENT

### A.   LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits this Court to dismiss a plaintiff's action for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion should be granted unless an adequately stated claim is "supported by showing any set of facts consistent with the allegations in the complaint."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561 (2007).  After Twombly, "[i]t is no longer sufficient to allege mere elements of a cause of action;' instead 'a complaint must allege facts suggestive of [the proscribed] conduct.'"  Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 563, n.8).

To survive dismissal, a claim must include "sufficient factual matter to show that the claim is facially plausible."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009); see also Bob v. Kuo, 387 F. App'x 134, 134 (3d Cir. 2010) ("The plausibility standard 'asks for more than a sheer possibility that a defendant has acted unlawfully.'").

LEGAL\41290415\2

**B.     THE COMPLAINT SHOULD BE DISMISSED FOR FAILING TO MEET PLEADING STANDARDS.**

As an initial matter, the Complaint should be dismissed because it does not conform to the pleading standards under the Federal Rules of Civil Procedure.  Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Moreover, while no "technical form" is required, "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  As a result, a complaint that is "illegible or incomprehensible" or "largely unintelligible," must be dismissed for failure to comply with Rule 8.  See Dicent v. Sears Holdings, No. 17-332, 2017 U.S. Dist. LEXIS 27976, at *9-10 (M.D. Pa. Feb. 27, 2017) (magistrate's report and recommendation, adopted by 2017 U.S. Dist. LEXIS 38915 (M.D. Pa. Mar. 17, 2017)) (citing Mincy v. Klem, 303 F. App'x 106 (3d Cir. 2008); Rhett v. N.J. State Superior Court, 260 F. App'x 513 (3d Cir. 2008)).  A complaint also must be dismissed when it leaves "the defendants having to guess what of the many things discussed constituted [a cause of action]."  Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011).  In Dicent, the court was confronted with a complaint that "consist[ed] of an apparent, but incomprehensible, catalogue of complaints, a litany [of] grievances that are presented without any context, content, coherence or continuity, making it virtually impossible to ascertain the legal and factual significance of these allegations."  Dicent, 2017 U.S. Dist. LEXIS 27976, at *11.  The court found that such a pleading did not conform to Rule 8(a), and recommended dismissal.  Id. (adopted by 2017 U.S. Dist. LEXIS 38915 (M.D. Pa. Mar. 17, 2017)).

Here, the Complaint does not meet the requisite pleading standard.  The Complaint is a collection of pleadings and forms from other courts and state and federal agencies, including the Philadelphia Municipal Court (Compl., Ex. A, at 12); the National Labor Relations Board (id. at

21); the PCHR (id. at 2-4, 31-33); the EEOC (id. at 36); the Philadelphia Police Department (id.

at 37); the Eastern District of Pennsylvania (id. at 41); and the Internal Revenue Service (id. at

84-99); as well as various correspondence, notes, and documents, some of which appear to be

handwritten by Plaintiff, but others which appear to be the handwriting of other individuals.  Put

simply, the Complaint is a hodgepodge of documents from which it is impossible to determine

what Plaintiff's causes of action are and against which defendant those nebulous causes of action

might be asserted.  The Complaint clearly is not a "short and plain statement," nor are the

allegations "simple, concise, and direct," as required by Rule 8 of the Federal Rules of Civil

Procedure.[6]  The Complaint, therefore, should be dismissed.[7]

### C.   PLAINTIFF'S TITLE VII AND FPO CLAIMS AGAINST SONESTA SHOULD BE DISMISSED BECAUSE HE FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES.

To the extent that the Complaint can be construed to contain cognizable Title VII and

FPO claims, those claims fail as to Sonesta because Plaintiff did not exhaust his administrative

remedies.  As a precondition for filing suit under Title VII and the FPO, a plaintiff must exhaust

a claim by presenting it in an administrative charge to the EEOC or state agency.  See Antol v.

Perry, 82 F.3d 1291, 1295-96 (3d Cir. 1996) (holding that a plaintiff must exhaust Title VII

---

[6]   Nor does the Complaint meet the pleading standard of the Pennsylvania Rules of Civil Procedure.  Rule 1019 of the Pennsylvania Rules of Civil Procedure requires that "[t]he material facts on which a cause of action or defense is based shall be stated in a concise and summary form."  Pa. R.C.P. 1019(a).  The "purpose of Rule 1019(a) is to require the pleader to disclose the 'material facts' sufficient to enable to adverse party to prepare his case."  Sklaroff v. Abington Twp., 83 A.3d 525, at *7 (Pa. Commw. Ct. 2013) (internal quotations omitted).  In that regard, to comply with Rule 1019(a), the complaint must be "clear and legible" so that the defendant, when preparing a defense, can understand the material facts on which the plaintiff's claims are based.  Id. (citing Bennett v. Beard, 919 A.2d 365, 367 (Pa. Commw. Ct. 2007)).  Here, the Complaint is far from "clear and legible."

[7]   As discussed below, to the extent that any claims can be discerned from the Complaint, all of those claims fail as a matter of law.  Accordingly, any attempt by Plaintiff to amend his Complaint would be futile.

claims); Fakete v. Aetna, Inc., 152 F. Supp. 2d 722, 731 (E.D. Pa. 2001) (holding that a plaintiff must exhaust PHRA claims); Phila. Code § 9-1122.  "The purpose of requiring an aggrieved party to resort first to the EEOC is twofold: to give notice to the charged party and provide an avenue for voluntary compliance without resort to litigation."  Glus v. G.C. Murphy Co., 562 F.2d 880, 888 (3d Cir. 1977).  Accordingly, where a plaintiff does not assert a charge against a defendant named in a subsequently filed complaint, courts will dismiss the claims against that defendant for failure to exhaust administrative remedies.  See, e.g., Davies v. Polyscience, Inc., 126 F. Supp. 2d 391, 393-94 (E.D. Pa. 2001) (dismissing claims against defendant not named in administrative charge).  In Dixon v. Philadelphia Housing Authority, 43 F. Supp. 2d 543 (E.D. Pa. 1999), the court dismissed a claim against the employer for failure to exhaust administrative remedies where the plaintiff filed his EEOC charge against the union only.  The court noted that, although the employer was mentioned in the body of the charge, the charge contained no allegations of discrimination against the employer.  Id. at 545.

Here, Plaintiff only filed a PCHR complaint against Local 274, not against Sonesta. (Compl., Ex. A, at 2).  The allegations in the PCHR complaint make clear that Plaintiff sought only to assert retaliation claims against the Union.  Specifically, in the "INTRODUCTION AND PARTIES" section of the PCHR complaint, Plaintiff identifies only the Union as a Respondent. (Id.).  Similarly, the "JURISDICTION" section refers only to the Union.  (Id.).  Plaintiff refers to Sonesta in Count I of the PCHR complaint, but only in the context of detailing his retaliation allegations against Local 274.  (Id. at 3).  Plaintiff alleges that the Union did not call him for work at the Sonesta Hotel and the Hilton Philadelphia at Penn's Landing, which he alleges was

in retaliation for filing a previous charge of discrimination against the Union.[8]  (Id.).  At no point

in his PCHR complaint does Plaintiff assert discrimination or retaliation claims against Sonesta

(or against the Hilton Philadelphia at Penn's Landing).  Thus, Plaintiff did not exhaust his

administrative remedies against Sonesta.  Accordingly, Plaintiff's Title VII and FPO claims must

be dismissed.[9]

### D. PLAINTIFF'S TITLE VII CLAIM AGAINST SONESTA SHOULD BE DISMISSED AS TIME-BARRED.

Plaintiff's Title VII claim fails for the additional reason as to Sonesta because it is time-

barred.  Before filing a lawsuit, a plaintiff must exhaust his administrative remedies by filing a

timely charge of discrimination with the EEOC or state agency.  42 U.S.C. §§ 2000e-5(b), (e)(1),

(f)(1).  Following a period of investigation by the EEOC or state agency and the issuance of a

right-to-sue notice from those agencies, a plaintiff may initiate a private action in court.  Burgh

v. Borough Council, 251 F.3d 465, 470 (3d Cir. 2001).  A plaintiff has 90 days to file a

complaint in federal court as to his federal claims after issuance of the right-to-sue notice.  42

U.S.C. § 2000e-5(f)(1).

The Third Circuit has "strictly construed the 90-day period and held that, in the absence

of some equitable basis for tolling, a civil suit filed even one day late is time-barred and may be

dismissed.  Burgh, 251 F.3d at 470 (citing Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 176

---

[8]     Plaintiff does not appear to name the Hilton Philadelphia at Penn's Landing as a defendant in the instant action.

[9]     In Dixon, the court also noted that, in some circumstances, the Third Circuit has recognized an exception to the exhaustion requirement "when the unnamed party received notice and when there is a shared commonality of interest with the named party."  Id. (citing Schafer v. Bd. of Public Educ., 903 F.2d 243, 252 (3d Cir. 1990)). However, the Dixon court explained that that exception does not apply when two defendants are not related to each other, such as in the case of an employer and a union. Id.  Likewise, here, the limited exception does not apply, as there is no allegation in the PCHR complaint or the Complaint that Sonesta received notice of the PCHR complaint or that Sonesta and the Union are related in any way.

(3d Cir. 1999)).  Equitable tolling should be applied "sparingly."  Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002).  It is generally only appropriate when "the defendant has actively misled the plaintiff; the plaintiff 'in some extraordinary way' was prevented from asserting her rights; or when the plaintiff timely asserted her rights in the wrong forum." Seitzinger v. Reading Hosp. and Med. Ctr., 165 F.3d 236, 240 (3d Cir. 1999) (citations omitted). The plaintiff bears the burden of proving that equitable tolling is warranted.  Podobnik v. U.S. Postal Serv., 409 F.3d 584, 591 (3d Cir. 2005).

Here, Plaintiff received his right-to-sue letter from the EEOC on March 3, 2017.  (EEOC Dismissal and Notice of Rights, Ex. C).  Thus, Plaintiff's time for filing a federal complaint based on his Title VII claims in his EEOC charge expired 90 days later, on May 3, 2017. Plaintiff filed his lawsuit on February 26, 2019, nearly two years later.  (Praecipe for Writ of Summons, Ex. B).  Plaintiff cannot establish any equitable basis for tolling the 90-day period, particularly where Sonesta was not named in the EEOC charge and had no knowledge of it, and so cannot be found to have misled Plaintiff regarding the filing of a lawsuit.  Thus, Plaintiff's Title VII claims are time barred and must be dismissed.

### E.   PLAINTIFF'S CLAIMS UNDER THE LMRA SHOULD BE DISMISSED AS TIME-BARRED.

Plaintiff appears to assert a claim against the Union for breach of the duty of fair representation, in that he alleges that the Union did not follow the collective bargaining agreement by assigning him work, and that the Union did not permit him to file a grievance. (Compl., Ex. A, at 21).  Presumably, Plaintiff also levies his claim for breach of the collective bargaining agreement against Sonesta.  Claims like these arise under Section 301 of the

LMRA.[10]  29 U.S.C. § 185; <u>DelCostello v. Int'l Bhd. of Teamsters</u>, 462 U.S. 151, 164-65 (1983).  Claims for alleged breach of the duty of fair representation and for an employer's alleged breach of a collective bargaining agreement must be filed within six months of the alleged breach.  <u>See</u> <u>DelCostello</u>, 462 U.S. at 155; <u>Vadino v. A. Valley Engineers</u>, 903 F.2d 253, 260 (3d Cir. 1990) (applying the LMRA's six month statute of limitations to an employee's claims against the employer alleging breach of a collective bargaining agreement).  Here, Plaintiff alleges that the Union violated the collective bargaining agreement by not assigning him to certain banquet server jobs in December 2015 and February 2016, and that the Union did not permit him to file a grievance regarding that issue.  (Compl., Ex. A, at 3).  The statute of limitations expired, at the latest, in August 2016.  Plaintiff waited over two years to file his Complaint.  Thus, Plaintiff filed his claim far in excess of the LMRA's statute of limitations, and it should be dismissed.

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, Sonesta respectfully requests that the claims asserted in the Complaint against Sonesta be dismissed in their entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Because the claims asserted against Sonesta fail as a matter of law, Sonesta respectfully requests that those claims be dismissed with prejudice, and that Plaintiff not be granted leave to amend.

---

[10]  To the extent that Plaintiff claims that Sonesta breached the collective bargaining agreement by refusing to permit him to work at the Sonesta Hotel, such a claim also arises under Section 301 of the LMRA.  <u>DelCostello v. Int'l Bhd. of Teamsters</u>, 462 U.S. 151, 164-65 (1983).

Respectfully submitted,

COZEN O'CONNOR

Date:  May 22, 2019          /s/ Kelly T. Kindig
                              Daniel V. Johns (PA 76203)
                              Kelly T. Kindig (PA 203278)
                              One Liberty Place
                              1650 Market Street, Suite 2800
                              Philadelphia, PA 19103
                              215-665-4722

                              *Attorneys for Defendant Sonesta International Hotels Corporation*

12

## CERTIFICATE OF SERVICE

I, Kelly T. Kindig, hereby certify that a copy of the foregoing Motion of Defendant

Sonesta International Hotels Corporation's to Dismiss the Complaint was served upon the

following via first-class mail, postage prepaid, addressed as follows:

Joseph DiGenova
827 S. 29th Street
Philadelphia, PA 19143
*Plaintiff*


Linda Martin, Esquire
Lauren M. Hoy, Esquire
Law Offices of Willig, Williams & Davidson
1845 Walnut Street
24th Floor
Philadelphia, PA 19103
*Attorneys for UNITE HERE Local 274*


Date:  May 22, 2019                      /s/ Kelly T. Kindig
                                         Kelly T. Kindig